IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE ANGEL JUAREZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-745-P |
| | § | |
| KEN PAXTON, Texas Attorney General, | § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Jose Angel Juarez, filed against Ken Paxton, Attorney General for the State of Texas, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction. No service has issued upon Respondent.

## I. BACKGROUND

In January 2009, in Tarrant County, Texas, Case No. 1121989D, Petitioner pleaded guilty to indecency with a child pursuant to a plea agreement and was sentenced to 2 years' confinement. Pet. 1, ECF No. 1. Petitioner has since fully discharged the 2-year sentence and is no longer confined.

## II. DISCUSSION

This Court has the duty to assure that it has jurisdiction over the matters before it. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure

12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3). Generally, for this Court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490-91.

The website for the Correctional Institutions Division of the Texas Department of Criminal Justice has no inmate currently confined under Petitioner's name, and his 2-year sentence for the underlying conviction was likely discharged years ago. Thus, Petitioner is not "in custody" on the conviction he seeks to challenge and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93. Accordingly, Petitioner's habeas petition must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice for lack of subject matter jurisdiction. In addition, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 24th day of September, 2019.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE